**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Avnet, Inc.; Avnet EMG AG, | ) | No. CV-05-1953-PHX-LOA |
| Plaintiffs, | ) | |
| vs. | ) | **ORDER** |
| Gulf Insurance Company, | ) | |
| Defendant. | ) | |

This matter arises on the parties' Stipulation To Adjourn The Scheduling Conference (dkt # 26), filed on January 13, 2006, which the Court treats as a motion to continue the February 7, 2006 Rule 16(b) scheduling conference and Plaintiffs' Notice[1] And Motion To Maintain The Action Against Defendant Gulf Insurance Company and Memorandum (dkt # 27 and # 28), filed January 17, 2006.

The initial motion seeks a continuance of the February 7, 2006 Rule 16(b) scheduling conference because New York attorney Mark Lerner, one of four lawyers who are designated on the court's docket as "lead attorney" in this case for Plaintiffs, is out of the country and unavailable on February 7, 2006 and because the parties are engaged in

---

[1] It is unnecessary for counsel to file a separate Notice from the memorandum itself. The Court's preference and the better practice in this district is that one pleading be filed, instead of two, titling the subject motion as counsel did without the word "Notice". See, Rule 1, FED.R.CIV.P.

settlement negotiations with mediation scheduled sometime in mid-March, 2006. The motion fails to explain why Mr. Lerner's physical presence in Phoenix is critical in lieu of one or more of the other three lead attorneys when the parties have been directed to submit a joint or stipulated plan for the management of this case and a scheduling conference is usually not an adversarial proceeding. Moreover, if Mr. Lerner's presence is so critical at the scheduling conference itself, the motion offers no reason why he could not appear telephonically. Additionally, settlement negotiations alone do not constitute "good cause" under Rule 16 to continue a scheduling conference especially in a case, like this one, that was filed nearly seven months ago and where the docket reflects that little, if anything, has been done to prosecute this case to a reasonably expeditious conclusion consistent with the Civil Justice Reform Act.[2]  See, 28 U.S.C. §471 et seq.

---

[2] The Civil Justice Reform Act of 1990 ("CJRA") provides that each United States district court must develop a civil justice expense and delay reduction plan which facilitates the deliberate adjudication of civil cases on the merits, monitors discovery, improves litigation management, and ensures just, speedy, and inexpensive resolutions of civil disputes. The CJRA mandates the early and on-going judicial management of the pretrial process including controlling the extent of and timing for discovery. 28 U.S.C. §473(a)(2). Under the mandate, "[f]ederal trial courts are now required, by statute, to implement techniques and strategies designed to dispose of cases in an efficient and inexpensive manner."  See, Schwarzkopf Technologies Corp. v. Ingersoll Cutting Tool Co., 142 F.R.D. 420, 423 (D.Del.1992).

Enactment of the CJRA was prompted by the delay and excessive cost attendant to civil litigation in the federal courts. As noted by the Honorable Joseph R. Biden, Chairman of the Senate Judiciary Committee, the legislative challenge presented by the problems of delay and excessive cost was "to formulate proposals that would effectively bridge the growing distance between the promise of (Rule 1)--'the just, speedy, and inexpensive determination of every action'--and the reality of a system becoming increasingly inaccessible to the average citizen." Equal, Accessible, Affordable Justice Under Law: The Civil Justice Reform Act of 1990, Joseph R. Biden, Jr., CORNELL JOURNAL OF LAW AND PUBLIC POLICY, Vol. 1, pg. 1 (1992).  See, Scheetz v. Bridgestone/Firestone, Inc., 152 F.R.D. 628, 630 fn. 2 (D. Mont. 1993). The discovery provisions of the Arizona Plan, like the discovery provisions of the Federal Rules of Civil Procedure, "are subject to the injunction of Rule 1 that they 'be construed to secure the just, speedy and inexpensive determination of every action.' " Herbert v. Lando, 441 U.S. 153, 177, 99 S.Ct. 1635, 1649, 60 L.Ed.2d 115 (1979).

The initial motion also seeks to reset the scheduling conference to sometime in April, 2006. The Court commends the parties for considering less expensive, voluntary mediation to resolve this matter. Further delays, however, in formulating a plan and setting the various deadlines to resolve this case within a 3-year time frame is not acceptable. While the Court would likely be agreeable to a modest continuance of the scheduling conference to accommodate Mr. Lerner's travel schedule and the parties' Rule 26(f) plan may reasonably take into consideration early mediation, resetting the scheduling conference to April, 2006 won't work. The subject motion will be denied without prejudice.[3]

In Plaintiffs' Motion To Maintain The Action Against Defendant Gulf Insurance Company ("Gulf"), Plaintiffs' seek assurance the Defendant Gulf's appearance in this litigation without formal service of process will not result in the dismissal of Gulf either by sua sponte order or otherwise. The Court has reviewed Gulf's Notice of No Objection that it has no objection to Plaintiffs' Motion. The Motion will be granted.

The Court also notes that the form of the two motions do not meet the form required by the Local Rules for pleadings filed in this District Court. Specifically, the caption and capitalization are not in compliance. All counsel will be directed to read and comply with the Local Rules and out-of-district counsel shall do so to maintain their pro hac vice status in this litigation.

Good cause not appearing,

**IT IS ORDERED** that the parties' Stipulation To Adjourn The Scheduling Conference (dkt # 26) which the Court deems a motion to continue the February 7, 2006 Rule 16(b) scheduling conference is **DENIED** without prejudice. This Court's December 21, 2005 Order (dkt # 20) is hereby affirmed in all respects.

---

[3] Counsel should informally confer amongst themselves, agree on other dates in February, 2006 and thereafter communicate by telephone with the Court's Judicial Assistant, Vickie, to determine a date convenient for the Court and all concerned. Thereafter, counsel shall file a stipulation to reset the scheduling conference to the agreed-upon date given by Court's Judicial Assistant. Out-of-district counsel may appear telephonically at the Rule 16 conference so long as local counsel are physically present.

1    There being no objection and good cause appearing,

2    **IT IS FURTHER ORDERED** that Plaintiffs' Notice And Motion To Maintain
3    The Action Against Defendant Gulf Insurance Company and Memorandum (dkt # 27 and #
4    28) is **GRANTED**.  No further service of process is required of Defendant Gulf Insurance
5    Company in this case.

6    **IT IS FURTHER ORDERED** that counsel shall hereinafter comply with the
7    Rules of Practice for the United States District Court for the District of Arizona ("Local
8    Rules"), as amended on December 1, 2004.  The District's Rules of Practice may be found
9    on the District Court's internet web page at www.azd.uscourts.gov/.  All other rules may be
10   found at www.uscourts.gov/rules/.

11   DATED this 23rd day of January, 2006.

*/s/ Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge

- 4 -